# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER B. WILSON, | : CIVIL ACTION NO. |
| Cobb Cnty. ID # 000746574, | : 1:17-CV-00615-WSD-JCF |
|     Plaintiff, | : |
| | : |
|     v. | : |
| | : |
| JIM VANALSTINE, Roswell Police Dep't, | : PRISONER CIVIL ACTION |
| ROSWELL CHIEF OF POLICE, | : 42 U.S.C. § 1983 |
| CITY OF ROSWELL, | : |
| SHERIFF THEODORE JACKSON, | : |
| FULTON COUNTY, JOHN DOE, | : |
|     Defendants. | : |

## MAGISTRATE JUDGE'S NON-FINAL REPORT AND RECOMMENDATION

Plaintiff has been granted leave to proceed *in forma pauperis* (Doc. 8), and his amended complaint (Doc. 10; *see* Doc. 4 (same)) is now ready for an initial screening.

## I. The Legal Framework

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine

whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## II. <u>Plaintiff's Amended Complaint</u>

Plaintiff alleges the following. Officer Vanalstine of the Roswell Police Department arrested him on false charges arising from a vehicle stop on June 9, 2015. Exculpatory evidence contained on the officer's dash-cam video was concealed from

2

the grand jury, which indicted Plaintiff on July 1, 2016, based in part on the officer's false testimony. (Doc. 10 at 4-7). Plaintiff was granted bond on October 31, 2016, but that information did not appear on the Fulton County Jail's computer system until November 25, 2016. (*Id.* at 7).

Plaintiff seeks compensatory damages from Officer Vanalstine, the Roswell Chief of Police and the City of Roswell ("the Roswell Defendants") arising from his alleged false arrest, false imprisonment and malicious prosecution; damages from Fulton County, Fulton County Sheriff Jackson and John Doe ("the Fulton County Defendants") for his detention between October 31 and November 25, 2016; punitive damages; a declaratory judgment; and an injunction against his current prosecution. (*Id.* at 11-16). He requests a stay if this action is premature "as his criminal case is ongoing." (*Id.* at 2-3).

### III. Discussion

#### A. Officer Vanalstine: False Arrest And False Imprisonment

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (citation omitted). And when "a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment

3

based on a detention pursuant to that arrest." *Id.* at 1526. "[A] § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, [accrues when] the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

Plaintiff has at least *stated* plausible claims of false arrest and false imprisonment against Officer Vanalstine, although the claims should be stayed pending the final resolution of his criminal case. *See id.* at 393-94 ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Williams v. Wynn*, 1:13-CV-2281-TWT, 2014 U.S. Dist. LEXIS 38903, at *7-8 (N.D. Ga. Mar. 25, 2014) (citing *Kato* and staying plaintiff's claims "until the state criminal proceedings against [him] are complete"). And because Plaintiff's remaining claims are due to be dismissed, this case should be closed administratively.

### B. The Roswell Defendants: Malicious Prosecution

"To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; and (2) a violation of his Fourth Amendment right to be free

4

> from unreasonable seizures." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010). Under Georgia law, the elements of malicious prosecution include: "(1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which has terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff." *Barnette v. Coastal Hematology & Oncology, P.C.*, 670 S.E.2d 217, 220 (Ga. Ct. App. 2008) (internal quotation marks omitted).

*Sevostiyanova v. Cobb County*, 569 Fed. Appx. 666, 668 (11th Cir. 2014); *see id.* at 668 n.2 ("a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law" (internal quotations omitted)).

It is apparent from Plaintiff's complaint that the criminal case arising from his June 2015 arrest has not terminated in his favor; indeed, Plaintiff asks the Court to enjoin the prosecution. But without a favorable termination, his malicious prosecution claims are premature, and the claims should be dismissed without prejudice, along with the City of Roswell and the Roswell Chief of Police.

### C. Enjoining Plaintiff's Prosecution: Younger Abstention

To the extent that Plaintiff seeks this Court's interference in his ongoing criminal proceedings, he has not plausibly alleged an extraordinary circumstance to justify that relief. *See Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the

5

Supreme Court reaffirmed "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions," *id.* at 53, noting "the longstanding public policy" that federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief," *id.* at 43-44. A litigant whose alleged injury "is solely that incidental to every criminal proceeding brought lawfully and in good faith . . . is not entitled to equitable relief," which is available only in truly extraordinary circumstances, such as those involving "bad faith or harassment." *Id.* at 49-50 (internal quotations omitted).

> In *Younger*, the Supreme Court held that federal courts should not stay or enjoin pending state court proceedings except under special circumstances. The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights. [A]bstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges.

*Turner v. Broward Sheriff's Office*, 542 Fed. Appx. 764, 766 (11th Cir. 2013) (citations omitted); *accord*, *For Your Eyes Alone, Inc v. City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002).

By alleging that Officer Vanalstine fabricated evidence against him and that he

6

and the other Roswell Defendants hid exculpatory evidence from the grand jury, Plaintiff suggests that his prosecution was brought in bad faith. But he has given the Court no plausible basis to doubt that his state court criminal proceedings will provide him with an adequate opportunity to vindicate his federal constitutional rights, and thus no reason to take the extraordinary step of enjoining those proceedings.

Thus, Plaintiff's request for this Court's interference in his state court criminal proceedings is barred by *Younger*. *See Feagin v. 22nd Judicial Circuit Drug Task Force*, 2:15-CV-717-WKW, 2016 U.S. Dist. LEXIS 16916, at *6 (M.D. Ala. Jan. 20) (citing *Younger* and concluding that plaintiff's "Fourth Amendment claims, to the extent he seeks injunctive or declaratory relief, are due to be dismissed [because] equity, comity and federalism concerns require the court to abstain from considering such claims"), *adopted by* 2016 U.S. Dist. LEXIS 16087 (M.D. Ala. Feb. 10, 2016).

### D. The Fulton County Defendants: Plaintiff's Prolonged Detention At The Fulton County Jail

Plaintiff attempts here to combine his claims about the events leading to his arrest and indictment with claims about a separate set of events, namely, the Fulton County Sheriff's failure to release him until almost one month after he was granted bond. But a plaintiff may not use a single complaint to join unrelated claims that do

7

not *both* (a) arise from "the same transaction, occurrence, or series of transactions or occurrences" *and* (b) involve a "question of law or fact common to all defendants." *See* Fed. R. Civ. P. 20(a)(2)(A)-(B).[1]

---

[1]*See Skillern v. Ga. Dep't of Corr. Comm'r*, 379 Fed. Appx. 859, 860 (11th Cir. 2010) ("Here, the district court did not abuse its discretion in dismissing [appellant's] case without prejudice because [he] failed to comply with the magistrate's order to comply with Rule 20(a) when he did not show that the claims against the defendants arose out of the same transaction, occurrence, or series of transactions or occurrences but instead claimed that many different transactions and occurrences were related because they showed the defendants' overall indifference to his medical conditions. The actions of the defendants named by [appellant] appear to be separate incidents, ranging from feeding [him] inedible food to leaving him in isolation to not giving him proper medical care to improperly convicting him of a crime, occurring on different dates, and thus, while [he] alleges that the actions of each defendant showed indifference to his failing health, there appears to be no other alleged connection between the people and events [he] described." (citations omitted)); *Gardner v. County of Baldwin*, No. 12-00639-CG-B, 2013 U.S. Dist. LEXIS 170812, at *7-8 (S.D. Ala. Dec. 4, 2013) ("To determine whether claims arise from the same series of transactions or occurrences under Rule 20(a)(2), courts in the Eleventh Circuit apply the logical relationship test. Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim. In other words, there is a logical relationship when the same operative facts serve as the basis of both claims." (citations and internal quotations omitted)); *see also Smith v. Warden, Hardee Corr. Inst.*, 597 Fed. Appx. 1027, 1030 (11th Cir. 2015) ("The district court [] did not abuse its discretion when it dismissed Smith's original complaint for noncompliance with Federal Rule of Civil Procedure 20(a). A complaint against multiple defendants must allege claims that arise 'out of the same transaction, occurrence, or series of transactions or occurrences' and that involve a 'question of law or fact common to all defendants,' Fed. R. Civ. P. 20(a), but Smith's complaint alleged three unrelated claims against different officials. Smith complained that the Warden, the supervisor of library services, and Connor interfered with his right of access to the courts in violation of the First and Fourteenth Amendments and state law; the Warden and Eugenia Wellhausen, an employee of the Department, conducted unreasonable searches of his cell in violation of the Fourth Amendment; and the Warden, Connor, and Wellhausen supplied inadequate clothing and bedding to protect inmates against the weather in violation of the Eighth Amendment. Smith's status as a *pro se* litigant did not

8

Thus, because Plaintiff's claims against the Fulton County Defendants arise from his alleged illegal detention after October 31, 2016, and not from his alleged illegal arrest and detention in 2015 and his subsequent indictment on July 1, 2016 — which events give rise to his claims against the Roswell Defendants — his claims against the Fulton County Defendants should be dismissed from this action, as should any claim, if Plaintiff intended to raise one (*see* Doc. 10 at 7-8, 13-15), regarding the *conditions* of his confinement as opposed to the *reasons* for that confinement.

## IV. Conclusion

**IT IS THEREFORE RECOMMENDED** that the District Court:

1. **ALLOW** Plaintiff's false arrest and false imprisonment claims **TO PROCEED** against Officer Vanalstine and **STAY** those claims;

2. **DISMISS without prejudice** Plaintiff's malicious prosecution claims against the Roswell Defendants and **DISMISS** the Roswell Chief of Police and the City of Roswell;

3. **DISMISS without prejudice** Plaintiff's false imprisonment and due process claims against the Fulton County Defendants, as well as any claim Plaintiff may have intended to raise concerning the conditions of his confinement, and **DISMISS** the Fulton County Defendants;

4. **CLOSE** this action **ADMINISTRATIVELY** until Plaintiff informs the Court that the criminal proceedings arising from his alleged false arrest have been resolved;

---

relieve him of the obligation to comply with Rule 20(a).").

5. **ORDER** Plaintiff to keep the Court informed, at three-month intervals, of the status of his criminal proceedings, beginning on the date the District Court adopts this Report and Recommendation, should it do so; and

6. **ADVISE** Plaintiff that his failure to keep the Court informed, as ordered, may result in the dismissal of this lawsuit.

**SO RECOMMENDED** this 25th day of April, 2017.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

AO 72A
(Rev.8/82)