**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**CHRISTOPHER B. WILSON,**

**Plaintiff,**

**v.**

**JIM VANALSTINE, Police Officer,
Roswell Police Dept., FULTON
COUNTY, THEODORE JACKSON,
JOHN DOE, CITY OF ROSWELL,
ROSWELL CHIEF OF POLICE,**

**Defendants.**

**1:17-cv-615-WSD-JCF**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's

Non-Final Report and Recommendation [11] ("R&R"). The R&R recommends

allowing Plaintiff Christopher B. Wilson's ("Plaintiff") false arrest and false

imprisonment claims to proceed against Defendant Jim Vanalstine ("Officer

Vanalstine"), and dismissing Plaintiff's remaining claims.

## I.    BACKGROUND

### A.    Facts

Plaintiff alleges that, on June 9, 2015, he was arrested during a traffic stop

by Officer Vanalstine, of the Roswell Police Department, for aggravated assault

with a deadly weapon, willful obstruction, fleeing and eluding, driving on a suspended license, improper U-turn, reckless driving, and failure to yield. (Am. Compl. ¶¶ 7, 13). Officer Vanalstine, in his police report, described the incident that led to Plaintiff's arrest:

> As [Plaintiff] opened his [truck] door, I reached up with my left hand and grabbed it. . . . As the truck accelerated having the door in my hand I squeezed it in an attempt to keep from falling. As [Plaintiff] continued to accelerate I was loosing [sic] my footing and trying to regain it before getting knocked to the ground and being ran [sic] over. As the truck began to turn right, I was able to release the door. . . . The truck continued to accelerate as it headed right for Officer Carroll. Officer Carroll was outside his vehicle on a traffic stop.

(Am Compl. ¶¶ 21, 23). Officer Vanalstine further stated, in his arrest warrant affidavit, that Plaintiff "drag[ed] [him] behind" the truck while Officer Vanalstine "had a hold of the driver's side door." (Am. Compl. ¶ 24).

Plaintiff claims that Officer Vanalstine's dash-cam video includes exculpatory information that contradicts the officer's version of events. (Am. Compl. ¶¶ 20-24, 35, at 13). Specifically, Plaintiff claims the dash-cam video shows (1) that it was Officer Vanalstine, not Plaintiff, who opened the truck door, (2) that Officer Vanalstine "did not fall down and was not being dragged behind Plaintiff's vehicle," and (3) that Officer

2

Carroll was inside, not outside, his vehicle. (Am. Compl. ¶¶ 22, 29, 31).

Plaintiff claims that, although a Roswell law enforcement official[1] reviewed

the dash-cam video on June 18, 2015, "law enforcement concealed the

dash-cam video from Plaintiff, the courts and district attorney for over

18 months." (Am. Compl. ¶¶ 14-15).

On July 1, 2016, a Fulton County grand jury returned an indictment charging

Plaintiff with "willful obstruction of law enforcement officer by use of threats or

violence or violence-felony." (Am. Compl. ¶¶ 25, 32). The dash-cam video was

not presented as evidence to the grand jury. (Am. Compl. ¶ 34). On

August 17, 2016, the Fulton County district attorney requested the dash-cam video

from "Julienne Brumann, the evidence custodian," who stated he was unable to

locate the video. (Am. Compl. ¶¶ 16-17). Plaintiff obtained the video

approximately two and a half months later. (Am. Compl. ¶ 19).

On October 31, 2016, the state court issued an order granting Plaintiff bond.

(Am. Compl. ¶ 34). Plaintiff alleges that this order was not transmitted to the

Fulton County Jail, where he was confined, until November 25, 2016, and that he

thus was wrongfully incarcerated from October 31, 2016 to November 25, 2016.

---

[1] Plaintiff identifies the Roswell official as "Lt. K. Smith" but does not provide further information about the official's identity. (Am. Compl. ¶ 15).

(Am. Compl. ¶¶ 6, 34).  Plaintiff currently is incarcerated in Cobb County Jail and

his criminal case is ongoing.  (Am. Compl. ¶ 5).

B.    Procedural History

On January 25, 2017, Plaintiff filed his *pro se* Civil Rights Complaint

Pursuant to 42 U.S.C. § 1983 [1].  On March 4, 2017, Plaintiff filed his Amended

Complaint [10] ("Complaint"), asserting a variety of claims against Defendants

Officer Vanalstine, City of Roswell, and the Roswell Chief of Police (together, the

"Roswell Defendants"), and Fulton County, Theodore Jackson—the Fulton County

Sheriff—and an unnamed individual who failed to timely send Plaintiff's bond

order to the Fulton County Jail (together, the "Fulton County Defendants").[2]

Plaintiff asserts § 1983 claims against Officer Vanalstine for false arrest, false

imprisonment, malicious prosecution, a Fifth Amendment violation on the grounds

that Officer Vanalstine acted in "bad faith," and an Eighth Amendment violation

on the grounds that Plaintiff was subject to cruel and unusual punishment.  (Am.

Compl. ¶¶ 35-38, 41).  Plaintiff also asserts claims, under Georgia law, against

Officer Vanalstine for false arrest, false imprisonment, perjury, intentional

infliction of emotional distress, malicious prosecution, and "tampering with

---

[2]     Plaintiff brings his claims against Officer Vanalstine, the Roswell Chief of
Police, Theodore Jackson and John Doe in their individual and official capacities.
(Am. Compl. at 13).

evidence." (Am. Compl. ¶¶ 38-40, 42, 51). Plaintiff asserts § 1983 malicious prosecution claims against Roswell City and the Roswell Chief of Police on the grounds that they "concealed" the dash-cam video and thus "contributed to [Plaintiff's] excessive and unlawful confinement." (Am. Compl. ¶¶ 43-46, at 12, 15). Plaintiff asserts § 1983 claims against the Fulton County Defendants for his "excessive confinement" from October 31, 2016 to November 25, 2016. (Am. Compl. ¶¶ 47-50). Plaintiff seeks declaratory relief, an injunction restraining his state law prosecution, compensatory damages, and punitive damages. (Am. Compl., Prayer for Relief).

On April 25, 2017, the Magistrate Judge screened Plaintiff's Complaint and issued his R&R, recommending that Plaintiff's § 1983 false arrest and false imprisonment claims be allowed to proceed against Officer Vanalstine. The Magistrate Judge recommended staying these claims pending resolution of Plaintiff's criminal case, and dismissing Plaintiff's remaining claims under 28 U.S.C. § 1915A. Plaintiff did not file objections to the R&R.

## II.  LEGAL STANDARDS

### A.  Frivolity Review Under 28 U.S.C. § 1915A

A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.    Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and
recommendations, a district judge may accept, reject, or modify a magistrate
judge's report and recommendation.  28 U.S.C. § 636(b)(1);
Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.
1112 (1983).  A district judge "shall make a *de novo* determination of those
portions of the report or specified proposed findings or recommendations to which
objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and
recommendations to which objections have not been asserted, the Court must
conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093,
1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Plaintiff did not file
objections to the R&R, and the Court thus reviews it for plain error.

## III.    DISCUSSION

A.    Plaintiff's § 1983 False Arrest and False Imprisonment Claims against
Officer Vanalstine

Plaintiff asserts § 1983 claims against Officer Vanalstine for false arrest and
false imprisonment.  "[A] warrantless arrest without probable cause provides the
basis for a § 1983 claim for false arrest."  Elmore v. Fulton Cty. Sch. Dist., 605 F.
App'x 906, 915 (11th Cir. 2015); see Marx v. Gumbinner, 905 F.2d 1503, 1505
(11th Cir. 1990) ("A warrantless arrest without probable cause violates the

Constitution and forms the basis for a section 1983 claim."); Amato v. Cardelle, 56 F. Supp. 3d 1332, 1334 (S.D. Fla. 2014). "The absence of probable cause is an essential element of a § 1983 claim for false arrest upon which the plaintiff bears the burden of proof." Perez v. Johnson, No. 6:07-cv-1947, 2008 WL 5122198, at *3 (M.D. Fla. Dec. 5, 2008); see Rankin v. Evans, 133 F.3d 1425, 1436 (11th Cir. 1998) ("[P]laintiffs had the burden of demonstrating the absence of probable cause in order to succeed in their § 1983 claim."). "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996). "[F]alse imprisonment ends once the victim becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges." Wallace v. Kato, 549 U.S. 384, 390 (2007).

Construing Plaintiff's Complaint liberally, Plaintiff alleges that, on June 9, 2015, Officer Vanalstine arrested him, without a warrant, for "aggravated assault with a deadly weapon, willful obstruction, fleeing and eluding, driving on [a] suspended license, improper U-turn, reckless driving and improper failure to y[ie]ld." (Am. Compl. ¶ 13). Although Plaintiff disputes certain details of Officer Vanalstine's recollection of the arrest, Plaintiff does not dispute that he

attempted to drive away from Officer Vanalstine while the officer held onto Plaintiff's truck door, or that Plaintiff "continued to accelerate as [he] headed right for Officer Carroll." (Am Compl. ¶¶ 21, 23). In view of these undisputed facts, Plaintiff has not shown that Officer Vanalstine lacked probable cause to arrest him for (1) "driv[ing] any vehicle in reckless disregard for the safety of persons or property," in violation of O.C.G.A. § 40-6-390, (2) "willfully obstruct[ing] or hinder[ing] any law enforcement officer in the lawful discharge of his official duties," in violation of O.C.G.A. § 16-10-24, and (3) "fleeing or attempting to elude a police officer," in violation of O.C.G.A. § 40-6-395. Plaintiff also has not shown that Offer Vanalstine lacked probable cause to arrest him for driving on a suspended license, failing to yield when required, and improperly making a U-turn. Because there was probable cause to arrest Plaintiff for at least one offense, Plaintiff's false arrest claim fails. See Johnson v. Knorr, 477 F.3d 75, 85 (3d Cir. 2007) ("[T]he existence of probable cause for one offense justifies the arrest—and defeats the plaintiff's claim of false arrest—even if there was insufficient cause to arrest on the second offense alone."); see also Elmore v. Fulton Cty. Sch. Dist., 605 F. App'x 906, 915 (11th Cir. 2015).

Plaintiff's §1983 false imprisonment claim also fails because Plaintiff was detained pursuant to a valid arrest. See Case v. Eslinger, 555 F.3d 1317, 1330

(11th Cir. 2009) ("Our precedents establish that a claim of false imprisonment, absent misidentification, depends on an absence of probable cause . . . . Because Officer Davis had probable cause to arrest him, Case's complaint of false imprisonment fails."). The Court declines to adopt the Magistrate Judge's recommendation that Plaintiff's § 1983 false arrest and false imprisonment claims be allowed to proceed. Those claims are dismissed without prejudice.[3]

B.   Plaintiff's §1983 Malicious Prosecution Claims against the Roswell Defendants

Plaintiff asserts § 1983 malicious prosecution claims against the Roswell Defendants on the grounds that they "concealed" the dash-cam video or otherwise "contributed to [Plaintiff's] excessive and unlawful confinement." (Am. Compl. ¶¶ 44, 46, at 12, 15).

---

[3]   Plaintiff asserts an Eighth Amendment claim against Officer Vanalstine on the grounds that the officer's "misleading and false statements" caused Plaintiff to be detained unlawfully. (Am. Compl. ¶¶ 35, 37). This claim fails because Officer Vanalstine's alleged misrepresentations do not violate the Eighth Amendment and because there was probable cause to arrest and detain Plaintiff regardless of the alleged misrepresentations. Plaintiff also asserts a Fifth Amendment claim against Officer Vanalstine on the grounds that the officer's "concealment of the dash-cam video[]" constitutes "bad faith." (Am. Compl. ¶ 41). This claim fails because there is no independent "bad faith" claim under the Fifth Amendment and because Plaintiff does not allege facts plausibly showing that Officer Vanalstine personally concealed the video. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

> To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; *and* (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. As to the first prong, the constituent elements of the common law tort of malicious prosecution are: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused.

Grider v. City of Auburn, Ala., 618 F.3d 1240, 1256 (11th Cir. 2010). Malicious prosecution provides relief for "unlawful detention" caused by the "wrongful institution of legal process." Wallace v. Kato, 549 U.S. 384, 390 (2007).

The Magistrate Judge found that Plaintiff's § 1983 malicious prosecution claims should be dismissed because Plaintiff's criminal action is ongoing and thus has not "terminated in the plaintiff accused's favor." Grider, 618 F.3d at 1256; (R&R at 4-5). The Court finds no plain error in this determination. See Elmore v. Fulton Cty. Sch. Dist., 605 F. App'x 906, 916 (11th Cir. 2015) (dismissing a § 1983 claim for malicious prosecution because plaintiff "did not allege in his amended complaint any facts establishing the common-law element of favorable termination"). Plaintiff's § 1983 malicious prosecution claims are dismissed without prejudice.[4]

---

[4] Plaintiff's § 1983 claims against the City of Roswell and his §1983 official capacity claims against Officer Vanalstine and the Roswell Chief of Police also fail

C.   Plaintiff's § 1983 Claims against the Fulton County Defendants

Plaintiff asserts § 1983 claims against the Fulton County Defendants for his "excessive confinement" from October 31, 2016 to November 25, 2016.  (Am. Compl. ¶¶ 47-50).  Plaintiff alleges that the Fulton County Defendants are responsible for the 25-day delay in transmitting the state court's bond order to the Fulton County Jail where Plaintiff was confined.

Federal Rule of Civil Procedure 20(a)(2) provides that persons "may be joined in one action as defendants" if the claims asserted (1) "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and (2) involve a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2).  The Magistrate Judge found that Plaintiff's Complaint improperly "combine[s] his claims about the events leading to his arrest and indictment with claims about a separate set of events, namely, the Fulton County

---

because the Complaint does not identify any custom or policy that caused Plaintiff's alleged constitutional injures.  See Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) ("It is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983."); Grider v. Cook, 522 F. App'x 544, 548 (11th Cir. 2013) (dismissing a § 1983 claim where plaintiff "did not provide any specific facts about any policy or custom that resulted in his alleged constitutional deprivation"); see also Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) (naming an employee in her official capacity is "in all respects other than name, to be treated as a suit against the entity").

Sheriff's failure to release him until almost one month after he was granted bond." (R&R at 7). The Magistrate Judge concluded that "because Plaintiff's claims against the Fulton County Defendants arise from his alleged detention after October 31, 2016, and not from his alleged illegal arrest and detention in 2015 and his subsequent indictment on July 1, 2016—which events give rise to his claims against the Roswell Defendants—his claims against the Fulton County Defendants should be dismissed from this action" under Rule 20(a)(2). (R&R at 9). The Court finds no plain error in these determinations, and Plaintiff's claims against the Fulton County Defendants are dismissed without prejudice. See Skillern v. Georgia Dep't of Corr. Com'r, 379 F. App'x 859, 860 (11th Cir. 2010) (finding that plaintiff's complaint failed to comply with Rule 20 because "[t]he actions of the defendants named by [plaintiff] appear to be separate incidents, ranging from feeding [plaintiff] inedible food to leaving him in isolation to not giving him proper medical care to improperly convicting him of a crime, occurring on different dates, and thus, while [plaintiff] alleges that the actions of each defendant showed indifference to his failing health, there appears to be no other alleged connection between the people and events [plaintiff] described."); see also Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015) (upholding dismissal of plaintiff's complaint for failure to comply with Rule 20

where the *pro se* plaintiff alleged prison officials "interfered with his right of access to the courts," "conducted unreasonable searches of his cell phone, and "supplied inadequate clothing and bedding to protect inmates against the weather").[5, 6]

D.    Plaintiff's State Law Claims

The remaining claims in this action involve only state law causes of action, over which the Court may, but is not required to, exercise supplemental

---

[5]    Even if Plaintiff's claims against the Fulton County Defendants were properly before the Court, they would require dismissal for failure to identify a Fulton County custom or policy that caused Plaintiff's alleged constitutional injuries, and for failure to adequately tie the Fulton County Defendants to Plaintiff's injuries.  See Kentucky, 473 U.S. at 165-66; (official capacity claims are treated as a suit against the entity); Gold, 151 F.3d at 1350 (municipal liability requires a showing that the constitutional injury was caused by a custom or policy); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring "sufficient factual matter" to state a plausible claim against each defendant); Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (requiring, for supervisory liability under § 1983, a strong causal connection between the supervisor's conduct and plaintiff's constitutional injury).  To the extent Theodore Jackson acted as an "arm of the state," Plaintiff's official capacity claims against him also are barred by the Eleventh Amendment.  See Lawrence v. W. Publ'g Corp., No. 1:15-cv-3341, 2016 WL 4257741, at *11 (N.D. Ga. June 17, 2016); Frederick v. Brown, No. 1:13-cv-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015).

[6]    The Magistrate Judge, citing Younger v. Harris, 401 U.S. 37 (1971), recommended denying Plaintiff's request for an injunction enjoining Plaintiff's state court criminal prosecution.  (R&R at 5-7).  The Court finds no plain error in this recommendation.  See Turner v. Broward Sheriff's Office, 542 F. App'x 764, 766 (11th Cir. 2013) ("In Younger, the Supreme Court held that federal courts should not stay or enjoin pending state court proceedings except under special circumstances.").  Plaintiff's request for injunctive relief is denied.

jurisdiction. See 28 U.S.C. § 1367(a) (conferring on district courts supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy"). "The decision on [whether to retain jurisdiction over the state law claims] should be and is vested in the sound discretion of the district court." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002).

The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) (citing L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984)); see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and they are dismissed without prejudice. See McBride v. Murray, No. 1:05-cv-2547, 2006 WL 734542, at *4 (N.D. Ga. Mar. 17, 2006) ("[T]he Court declines to exercise supplemental jurisdiction over the plaintiff's state law claim. Typically, in a situation in which the Court takes this action, it dismisses without prejudice the remaining state law claims.").

E.    <u>Leave to File Amended Complaint</u>

In view of Plaintiff's *pro se* status, the Court will allow Plaintiff to file, on or before July 10, 2017, an amended complaint remedying the deficiencies identified in this Order.  Plaintiff is advised that the amended complaint, if filed, will supersede and replace his current Complaint.  Plaintiff's amended complaint must (1) assert each claim in a separate numbered count, (2) clearly identify the specific defendant(s) against whom each claim is asserted, (3) clearly explain the factual allegations supporting each claim and their application to each defendant against whom the claim is asserted, and (4) avoid vague, generalized, conclusory, contradictory or irrelevant assertions.  Plaintiff should thoroughly describe the conduct and specific offenses for which he was arrested, so that the Court can determine whether there was probable cause for his arrest.  Plaintiff's allegations and claims should be presented "with such clarity and precision that [each] defendant will be able to discern what the plaintiff is claiming [against him specifically] and to frame a responsive pleading."  <u>Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.</u>, 77 F.3d 364, 366 (11th Cir. 1996).[7]

---

[7]    Plaintiff's current Complaint asserts approximately sixteen claims against the six named Defendants.  Many of these claims are confusing, unclear, and appear to overlap.  Plaintiff is encouraged to narrow, and specifically describe, the claims he asserts.

The Court will dismiss this action if Plaintiff fails to (1) file a properly-pled amended complaint on or before July 21, 2017, (2) comply with the Court's instructions in this Order, or (3) comply with the Local Rules of this Court. See LR 41.3(A)(2), NDGA.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Non-Final Report and Recommendation [11] is **ADOPTED IN PART** and **NOT ADOPTED IN PART**. The Court adopts the Magistrate Judge's recommendations (1) that Plaintiff's malicious prosecution claims against the Roswell Defendants be dismissed without prejudice, (2) that Plaintiff's claims against the Fulton County Defendants be dismissed without prejudice, and (3) that Plaintiff's claims, if any, concerning the conditions of his confinement be dismissed without prejudice. The Court declines to adopt the Magistrate Judge's recommendation that Plaintiff's §1983 false arrest and false imprisonment claims against Officer Vanalstine be allowed to proceed.[8]

---

[8] The Court also declines to adopt the Magistrate Judge's recommendations (1) that this action be administratively closed pending resolution of Plaintiff's criminal case, (2) that Plaintiff keep the Court informed of the status of his criminal case, and (3) that Plaintiff's failure to keep the Court informed of the

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint [10] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff may file, on or before July 21, 2017, an amended complaint to plead claims cognizable in this Court. The Court will dismiss this action if Plaintiff fails to file a properly-pled amended complaint by July 10, 2017, fails to comply with the Court's instructions in this Order, or fails to comply with the Local Rules of this Court.

**SO ORDERED** this 27th day of June, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

status of his criminal case may result in the dismissal of this action. These recommendations are moot in light of the Court's dismissal of Plaintiff's claims.