# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER B. WILSON, | : CIVIL ACTION NO. |
| Cobb Cnty. ID # 000746574, | : 1:17-CV-00615-WSD-JCF |
|     Plaintiff, | : |
| | : |
|     v. | : |
| | : |
| JIM VANALSTINE, Roswell Police Dep't, | : PRISONER CIVIL ACTION |
| ROSWELL CHIEF OF POLICE, | : 42 U.S.C. § 1983 |
| CITY OF ROSWELL, | : |
| SHERIFF THEODORE JACKSON, | : |
| FULTON COUNTY, JOHN DOE, | : |
|     Defendants. | : |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

The undersigned previously recommended that all of Plaintiff's claims be dismissed as frivolous except for his false arrest and false imprisonment claims against Officer Vanalstine, which the undersigned recommended to be stayed until the charges arising from Plaintiff's arrest were resolved. (Doc. 11). The District Judge adopted all of these recommendations except for the last, and instead dismissed Plaintiff's complaint in its entirety, without prejudice, and gave Plaintiff the option to "file . . . an amended complaint to plead claims cognizable in this Court." (Doc. 15 at 17-18).

With respect to Plaintiff's false arrest and false imprisonment claims, the Court stated:

Construing Plaintiff's Complaint liberally, Plaintiff alleges that, on June 9, 2015, Officer Vanalstine arrested him, without a warrant, for "aggravated assault with a deadly weapon, willful obstruction, fleeing and eluding, driving on [a] suspended license, improper U-turn, reckless driving and improper failure to y[ie]ld." (Am. Compl. [Doc. 10] ¶ 13). Although Plaintiff disputes certain details of Officer Vanalstine's recollection of the arrest, Plaintiff does not dispute that he attempted to drive away from Officer Vanalstine while the officer held onto Plaintiff's truck door, or that Plaintiff "continued to accelerate as [he] headed right for Officer Carroll." (Am Compl. ¶¶ 21, 23). In view of these undisputed facts, Plaintiff has not shown that Officer Vanalstine lacked probable cause to arrest him for (1) "driv[ing] any vehicle in reckless disregard for the safety of persons or property," in violation of O.C.G.A. § 40-6-390, (2) "willfully obstruct[ing] or hinder[ing] any law enforcement officer in the lawful discharge of his official duties," in violation of O.C.G.A. § 16-10-24, and (3) "fleeing or attempting to elude a police officer," in violation of O.C.G.A. § 40-6-395. Plaintiff also has not shown that Officer Vanalstine lacked probable cause to arrest him for driving on a suspended license, failing to yield when required, and improperly making a U-turn. Because there was probable cause to arrest Plaintiff for at least one offense, Plaintiff's false arrest claim fails. *See Johnson v. Knorr*, 477 F.3d 75, 85 (3d Cir. 2007) ("[T]he existence of probable cause for one offense justifies the arrest—and defeats the plaintiff's claim of false arrest—even if there was insufficient cause to arrest on the second offense alone."); *see also Elmore v. Fulton Cty. Sch. Dist.*, 605 F. App'x 906, 915 (11th Cir. 2015).

Plaintiff's §1983 false imprisonment claim also fails because Plaintiff was detained pursuant to a valid arrest. *See Case v. Eslinger*, 555 F.3d 1317, 1330 (11th Cir. 2009) ("Our precedents establish that a claim of false imprisonment, absent misidentification, depends on an absence of probable cause . . . . Because Officer Davis had probable cause to arrest him, Case's complaint of false imprisonment fails."). The Court declines to adopt the Magistrate Judge's recommendation that Plaintiff's § 1983 false arrest and false imprisonment claims be allowed to proceed. Those

claims are dismissed without prejudice.

(Doc. 15 at 8-10 (footnote omitted)).

Plaintiff has now filed a motion to file a second amended complaint (Doc. 17), which motion is **GRANTED**. Plaintiff's second amended complaint is ready for frivolity review.

I. <u>**The Legal Framework**</u>

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll*

*v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## II.   Plaintiff's Second Amended Complaint

Plaintiff seeks to "amend[] to his complaint" claims of "Abuse in [and of] power" and substantive due process violations based on Vanalstine's "concealing [a] dash-cam video" created at the time of Plaintiff's arrest, which is evidence of "an abusive litigation." (Doc. 17 at 1-2). He alleges that these violations resulted in his being indicted on false charges and that his "liberty-in-interest has been deprived" "throughout this vindictive prosecution in conspiracy against rights due to [the] false statements and perjured testimony" of Vanalstine, who has "acted in conspiracy to convict by falsifying statements and allegations." (*Id.* at 2-3 (formatting altered)). He asserts that "this flagrant ABUSE OF POWER shows malicious intent to injure"

4

because the felony charges against him have deprived him of a "bond-amount" for 10 and 1/2 months. (*Id.* at 3). Finally, Plaintiff lists a number of Georgia statutes, which he alleges Vanalstine has violated. (*Id.* at 4).

Plaintiff seeks "$500,000 against . . . Vanalstine, for making false statements and perjury which led to [his] loss of liberty due to [his] being incarcerated on false and fabricated charges," causing him physical and mental suffering due to Vanalstine's "false statements in the arrest warrants, police reports and perjury before [the] grand jury." (*Id.* at 5-6 (noting that his prolonged confinement has restricted his "daily activities such as working out" and has caused him to lose "his wife, home and job")).

## III. Discussion

To the extent that Plaintiff has asserted in his second amended complaint any plausible claim under federal law, he has asserted a malicious prosecution claim. But, as the Court noted in its previous Order, such a claim is premature until Plaintiff shows that the charges arising from his disputed arrest have terminated in his favor, and to date Plaintiff has not made the necessary showing. (*See* Doc. 15 at 10-11). Plaintiff's attempts to state another plausible claim for relief under the United States Constitution or statutes — for abuse of power and the like — are unavailing.

5

## IV. Conclusion

**IT IS THEREFORE RECOMMENDED** that Plaintiff's second amended complaint (Doc. 17) be **DISMISSED** for failure to state a plausible claim for relief. *See* 28 U.S.C. § 1915A; *Iqbal*, 556 U.S. at 678-79.

**SO ORDERED and RECOMMENDED** this 31st day of July, 2017.

                                          /s/ *J. CLAY FULLER*
                                          J. CLAY FULLER
                                          United States Magistrate Judge