# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CHRISTOPHER B. WILSON,

    Plaintiff,

v.

JIM VANALSTINE,

    Defendant.

1:17-cv-615-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation [19] ("R&R"), recommending that this action be dismissed for failure to state a claim. Also before the Court are Plaintiff Christopher B. Wilson's ("Plaintiff") Objections [21] to the R&R.

## I.    BACKGROUND

On January 25, 2017, Plaintiff, a prisoner, filed his *pro se* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [1]. On March 4, 2017, Plaintiff filed his First Amended Complaint [10] ("First Amended Complaint"), asserting approximately sixteen claims against six defendants, including Defendant Jim Vanalstine ("Defendant"). On June 28, 2017, the Court dismissed Plaintiff's federal claims for failure to state a claim and declined to exercise supplemental

jurisdiction over Plaintiff's state law claims. ([15] (the "June 28 Order")). The Court granted Plaintiff leave to file an amended complaint to remedy the deficiencies identified in the Court's June 28 Order. ([15] at 16). The Court provided Plaintiff with detailed instructions about the amended complaint required, and warned him that his failure to comply with the instructions would result in dismissal:

> Plaintiff is advised that the amended complaint, if filed, will supersede and replace his current Complaint. Plaintiff's amended complaint must (1) assert each claim in a separate numbered count, (2) clearly identify the specific defendant(s) against whom each claim is asserted, (3) clearly explain the factual allegations supporting each claim and their application to each defendant against whom the claim is asserted, and (4) avoid vague, generalized, conclusory, contradictory or irrelevant assertions. Plaintiff should thoroughly describe the conduct and specific offenses for which he was arrested, so that the Court can determine whether there was probable cause for his arrest. Plaintiff's allegations and claims should be presented "with such clarity and precision that [each] defendant will be able to discern what the plaintiff is claiming [against him specifically] and to frame a responsive pleading." Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). The Court will dismiss this action if Plaintiff fails to (1) file a properly-pled amended complaint on or before July 21, 2017, (2) comply with the Court's instructions in this Order, or (3) comply with the Local Rules of this Court.

([15] at 16-17). The Court also instructed Plaintiff to "narrow, and specifically describe, the claims he asserts," including because "many of the[] claims are confusing, unclear, and appear to overlap." ([15] at 16 n.7).

On July 4, 2017, Plaintiff filed his Second Amended Complaint [18], asserting claims against Defendant for violations of the First, Fourth, Fifth, Sixth and Fourteenth Amendments; violations of Defendant's "oath of office" under 5 U.S.C. § 3331; "abusive litigation in violation of due process under color of law (18 U.S.C. 242)"; "conspiracy against rigihts [sic]," in violation of 18 U.S.C. 241; fraud, in violation of 18 U.S.C. 1001; "abuse in (and of) power"; violations of six provisions of the Georgia Constitution; "tampering with evidence" and "false statements," in violation of O.C.G.A. § 16-10-20; "public oath," in violation of O.C.G.A. § 16-10-10; "perjury in 1st degree," in violation of O.C.G.A. § 17-1-4; and intentional infliction of emotional distress under Georgia law. Plaintiff alleges that Defendant "conceal[ed] [a] dash-cam video" and offered "false statements and perjured testimony," causing Plaintiff to be indicted and confined for approximately ten and a half months "on false and fabricated charges." (Sec. Am. Compl. at 2-3).[1] Plaintiff alleges that Defendant's false statements were made in "arrest warrants" and "police reports," and that Defendant committed perjury "before [a] grand jury." (Sec. Am. Compl. at 5). Plaintiff alleges that he suffered "physical and emotional injuries" during his confinement,

---

[1] These charges apparently included misdemeanor offenses and at least two felony charges. (Sec. Am. Compl. at 3).

including because he was "denied medical treatment." (Sec. Am. Compl. at 5). The Second Amended Complaint does not elaborate on these allegations.

On July 31, 2017, the Magistrate Judge screened Plaintiff's Second Amended Complaint and issued his R&R, finding that this action should be dismissed under 28 U.S.C. § 1915A for failure to state a plausible claim for relief. The Magistrate Judge found that, to the extent Plaintiff asserts a malicious prosecution claim, "such a claim is premature until Plaintiff shows that the charges arising from his disputed arrest have terminated in his favor, and to date Plaintiff has not made the necessary showing." (R&R at 5). On August 2, 2017, Plaintiff filed his Objections to the R&R, stating that "his criminal case was adjudicated on June 26, 2017, as the aggravated assault was dismissed and the other charges were plead [sic] to under nolo-contenderes." ([21] at 1). Plaintiff acknowledged that he did not previously notify the Court of this fact, but failed to offer any explanation for his untimely disclosure. ([21] at 1). Plaintiff argued that the alleged disposition of his underlying criminal case "equates to being terminated in his favor," and that his malicious prosecution claim should thus be permitted to proceed. ([21] at 1).[2]

---

[2] Plaintiff states, in his Objections, that he "understands the Court's decision to dismiss claims of false arrest and false imprisonment." ([21] at 1).

4

## II. LEGAL STANDARDS

### A. Frivolity Review Under 28 U.S.C. § 1915A

A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).

5

The well-pled allegations must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

Plaintiff filed his Second Amended Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.  Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Plaintiff's Objections state that "his criminal case was adjudicated on June 26, 2017, as the aggravated assault was dismissed and the other charges were plead [sic] to under nolo-contenderes." ([21] at 1). The Court declines to consider this factual assertion because it does not appear in Plaintiff's Second Amended Complaint and it was not presented to the Magistrate Judge before he issued his R&R. See Peeples v. Kaiser Permanente the Se. Permanente Med. Grp., No. 1:15-CV-3029-WSD, 2017 WL 1682527, at *2 n.3 (N.D. Ga. May 2, 2017) ("The Court also disregards factual assertions in Plaintiff's Objections that were not properly included in her Amended Complaint."); see also Shultz v. Sec'y of U.S. Air Force, 522 Fed. App'x. 503, 506 (11th Cir. 2013) ("To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court."). Plaintiff's factual assertion is particularly untimely because, before the Second Amended Complaint was filed, the Court

7

twice informed Plaintiff that his malicious prosecution claim was required to be dismissed on the grounds that his underlying criminal action had not "terminated in [his] favor." ([11] at 5; [15] at 11). Plaintiff's allegation about the disposition of his criminal action is untimely, does not appear in his Second Amended Complaint, and is not considered by the Court.[3]

Plaintiff does not specifically object to other portions of the Magistrate Judge's findings and recommendations. The Court thus reviews the R&R for plain error. See Slay, 714 F.2d at 1095; see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").[4]

---

[3] Even if the Court considered Plaintiff's untimely factual assertion and found that his underlying criminal action terminated in his favor, Plaintiff's claims—including his malicious prosecution claim—still require dismissal for the reasons explained later in this Order, namely: (1) Plaintiff does not allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Iqbal, 556 U.S. at 678, and (2) Plaintiff's Second Amended Complaint fails to comply with the Court's June 28 Order.

[4] The Court would reach the same conclusions expressed in this Order even if Plaintiff had filed proper objections and the Court conducted a *de novo* review of the record.

## III. DISCUSSION

### A. Failure to State a Claim

The Second Amended Complaint alleges that Defendant "conceal[ed] [a] dash-cam video" and offered "false statements and perjured testimony," causing Plaintiff to be indicted and confined for approximately ten and a half months "on false and fabricated charges." (Sec. Am. Compl. at 2-3). Plaintiff alleges that Defendant's false statements were made in "arrest warrants" and "police reports," and that Defendant committed perjury "before [a] grand jury." (Sec. Am. Compl. at 5). Plaintiff alleges that he suffered "physical and emotional injuries" during his confinement," including because he was "denied medical treatment." (Sec. Am. Compl. at 5). Plaintiff asserts at least twenty claims on the basis of these undeveloped allegations.

The Magistrate Judge found that Plaintiff's Second Amended Complaint requires dismissal because it fails to state a plausible claim for relief. The Court finds plain error in this conclusion. Plaintiff does not provide any information about his arrest, the "false statements" made by Defendant, the "dash-cam video" concealed by Defendant, or the medical treatment he was denied. The Court, in its June 28 Order, warned Plaintiff that this action would be dismissed if he failed to "clearly explain the factual allegations supporting each claim" or if he relied on

"vague, generalized, [or] conclusory . . . assertions." ([15] at 16). Plaintiff's latest complaint, like his prior complaints, does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. As a result, Plaintiff's Second Amended Complaint is dismissed without prejudice. Id. ("[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement."); see Jackson, 372 F.3d at 1263 (stating that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal," and dismissing plaintiffs' claims because their supporting allegations were "wholly conclusory, generalized, and non-specific").[5]

B. Failure to Comply with a Lawful Order of the Court

The Local Rules authorize district courts to "dismiss a civil case for want of prosecution" if the plaintiff "fail[s] or refuse[s] to obey a lawful order of the court

---

[5] The Court is not permitted to read allegations from the First Amended Complaint into the Second Amended Complaint because, as the Court warned Plaintiff in its June 28 Order, Plaintiff's Second Amended Complaint "supersede[s] and replace[s]" his prior complaints. ([15] at 16); see Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); Gulf Coast Recycling, Inc. v. Johnson Controls, Inc., No. 8:07-cv-2143, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) ("An amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint.").

in the case." LR 41.3(A)(2), NDGa); see Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); cf. Brown v. Tallahasse Police Dep't, 205 F. App'x 802 (11th Cir. 2006) (per curiam) ("The district court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits. The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citations and internal quotation marks omitted)).

The Court's June 28 Order provided Plaintiff with detailed instructions about the filing of his amended complaint. The Court warned Plaintiff that his failure to comply with these instructions would result in dismissal of this action:

> Plaintiff is advised that the amended complaint, if filed, will supersede and replace his current Complaint. Plaintiff's amended complaint must (1) assert each claim in a separate numbered count, (2) clearly identify the specific defendant(s) against whom each claim is asserted, (3) clearly explain the factual allegations supporting each claim and their application to each defendant against whom the claim is asserted, and (4) avoid vague, generalized, conclusory, contradictory or irrelevant assertions. Plaintiff should thoroughly describe the conduct and specific offenses for which he was arrested, so that the Court can determine whether there was probable cause for his arrest. Plaintiff's allegations and claims should be presented "with such clarity and precision that [each] defendant will be able to discern what the plaintiff is claiming [against him specifically] and to frame a responsive pleading." Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). The Court will dismiss this action if Plaintiff fails to (1) file a properly-pled

11

amended complaint on or before July 21, 2017, (2) comply with the Court's instructions in this Order, or (3) comply with the Local Rules of this Court.

([15] at 16-17). The Court also instructed Plaintiff to "narrow, and specifically describe, the claims he asserts," including because "many of the[] claims are confusing, unclear, and appear to overlap." ([15] at 16 n.7).

Plaintiff's Second Amended Complaint was filed in violation of these instructions. Plaintiff asserts at least twenty claims, none of which appear "in a separate numbered count." ([15] at 16). Many of Plaintiff's claims remain "confusing, unclear, and appear to overlap." ([15] at 16 n.7). As explained previously in this Order, Plaintiff does not "clearly explain the factual allegations supporting each claim" and his Second Amended Complaint is littered with "vague, generalized, [or] conclusory . . . assertions." ([15] at 16). Plaintiff also fails to "thoroughly describe the conduct and specific offenses for which he was arrested." ([15] at 16). Plaintiff's Second Amended Complaint is dismissed without prejudice for failure to comply with the Court's June 28 Order.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [19] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Christopher B. Wilson's Objections [21] are **OVERRULED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 2nd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE